MANUEL GONZÁLEZ MARTÍNEZ, Plaintiff and Appellant, *v.* CARMELA MARVEL, Defendant and Appellee.

No. 8286.   Argued June 4, 1941.—Decided June 11, 1941.

*Fernando Beiró Rovira* for appellant.   *José C. Aponte* and *Ubaldo Aponte* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

This appeal has been taken by the plaintiff-appellant from an order issued by the District Court of Guayama on September 25, 1940, approving the memorandum of costs filed by the defendant.

The facts of the case are as follows:

Manuel González Martínez sued Carmela Marvel, at unlawful detainer, and obtained judgment in his favor with costs but not including attorney's fees. Said judgment was reversed on April 4, 1940, by this Court (56 P.R.R. 444). By said judgment the complaint was dismissed, with costs, not including attorney's fees. The mandate was issued on May 24, 1940, and received by the lower court on the following day. On April 15, 1940, the defendant filed in the lower court a memorandum of costs and disbursements. The court, on May 29, set the hearing of the memorandum for the 7th of June. The plaintiff objected to the approval of the memorandum alleging that it had been filed prematurely, that is, before the thirty day term following May 25, 1940 —date in which the mandate was filed—had begun to run in accordance with the provisions of Section 340 of the Code of Civil Procedure. The defendant maintained that the memorandum had been filed on time, that is, within ten days following the date on which she had been served with copy of the judgment of this Court, according to Section 339 of the same Code of Civil Procedure.

The appellant assigns as the only error committed by the lower court, its refusal to strike the memorandum of costs from the record.

The question involved in this appeal has been submitted to this Court on other occasions. See the résumé made of the decisions on the matter in *U. P. R. Sugar Co.* v. *Sánchez,* 54 P.R.R. 164.

We agree with the lower court that the procedure to be followed for the collection of costs granted by this Court, is the one established by Section 340 of the Code of Civil Procedure, which states as follows:

"Section 340.—Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must within thirty days after the remittitur is filed, with the secretary below, deliver to such secretary a memorandum of his costs, verified as prescribed by the

preceding section and thereafter he may have an execution therefor as upon a judgment."

See *Martínez* v. *Pagán, López & Co.*, 17 P.R.R. 582.

We also agree with the lower court that the provisions of Section 339 of said Code are only applicable to the collection of costs imposed by the district court in deciding a case in the first instance, and not in cases like the one at bar which deal with the collection of costs granted by an appellate court.

It is evident that the memorandum of costs was filed prematurely on April 15, 1940, and that according to Section 340 of the Code of Civil Procedure it should have been filed within the thirty days following the 25th of May, 1940. Was the lower court bound to order its elimination, for the only reason that it had been filed prematurely? That is the question to be decided.

The lower court, in refusing to strike the memorandum of costs, based its decision on the rule established by this Court in *U. P. R. Sugar Co.* v. *Sánchez, supra,* to wit:

"The important date, we think, is the date on which the statutory period is to expire, not the date on which it begins to run. Prior to the amendment of 1917, at least, the thought uppermost in the mind of the Legislature was that, as a general rule, the filing of a memorandum should not be permitted after the lapse of the specified time. If, as indicated in *Vicente* v. *Malavé, supra,* any extension of the time within which a memorandum may be filed is a matter within the sound discretion of the court, then, *a fortiori,* it would seem, the court must have an equally broad or broader discretion when called upon to relieve a party in a proper case from what otherwise might be the consequences of a premature filing."

And applying said rule to the case at bar, the lower court said:

" . . . Although it is true that said memorandum was filed prematurely, it is not less true that it was heard and argued within the period of thirty days that Section 340 fixes. We think, as the Supreme Court does, that the important date is that of the expiration of the statutory period and not the date on which it begins to run,

and furthermore, that if we granted the motion to strike the memorandum of costs, we would be depriving the defendant of the benefit of the costs that were granted to her by the Supreme Court, and as a consequence we would be committing an injustice. We believe finally that the premature filing of the said memorandum did not affect the plaintiff adversely since the hearing on the same was held after the judgment of the Supreme Court was final and after its *remittitur* had been received in this court.

"All these circumstances justify the exercise of our discretion in favor of dismissing the motion to strike filed by the plaintiff to which we have referred, and in favor of considering the memorandum on its merits, and so we decide."

The appellant tries to distinguish the cited case of *U. P. R. Sugar Co.*, from the one at bar, calling our attention to the fact that although it is true that in that case the memorandum was filed prematurely, it is also true that the defendants afterwards, and before the statutory period elapsed, filed an amended memorandum, a thing which was not done in this case. The distinction, though it exists, in our opinion is not important. In the case at bar, even though the memorandum was filed prematurely, the parties were heard within the term fixed by law. The lower court in the exercise of its discretion refused to eliminate the memorandum and permitted it to stand in order that it be discussed and approved as if it had been filed within the term, which had not yet expired.

To compel the defendant to file anew the same memorandum which the court had under consideration, would have been an empty and unnecessary formality.

The order of the court did not prejudice the rights of the plaintiff, and having been issued in the exercise of a sound judicial discretion, the order appealed from must be affirmed.